UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

*******************************************************************

| | | |
|---|---|---|
| RACHEL VANZEE, | * | CIV 21-4021 |
| Plaintiff, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER |
| DONALD BURMEISTER, | * | |
| Defendant. | * | |

*******************************************************************

Pending before the Court are the United States's motion to substitute itself as the party defendant and to dismiss for lack of jurisdiction, and Plaintiff Rachel VanZee's ("VanZee") motion to remand the case to state court. (Docs. 3 and 6.) For the following reasons, VanZee's motion to remand is denied and the United States's motion is granted.

## BACKGROUND

This litigation arises out of an automobile accident that occurred in Aurora County, South Dakota on December 21, 2017. On July 22, 2020, VanZee filed a complaint in the Circuit Court of Aurora County, South Dakota against Donald Burmeister ("Burmeister"). (Doc. 1-1.) VanZee alleges that she suffered injuries in the December 2017 motor vehicle accident, and that the accident was caused by Burmeister's negligence. (*Id.*)

On September 9, 2020, VanZee received answers to interrogatories in which Burmeister stated that he was delivering mail in the course of his employment with the U.S. Postal Service at the time of the accident with VanZee. (Doc. 8-5.) During his deposition on January 12, 2021, Burmeister testified that prior to the accident he was delivering mail, working his usual shift Monday through Saturday. (Doc. 2-4, Burmeister Tr. 4:24-25, 5:1-9.) He was driving his normal route. (*Id.* at 7:7-13.) Burmeister had made a delivery and was heading towards his next delivery when the accident happened. (*Id.* at 9:6-25 and 10:1-8.)

On January 13, 2021, counsel for Burmeister sent an email to the U.S. Attorney asking for information about obtaining a certification that Burmeister was acting in the course and scope of his employment with the U.S. Postal Service pursuant to 28 U.S.C. § 2679. (Doc. 10-1.)

On February 11, 2021, the United States removed the action to federal court. (Doc. 1.) The next day, the United States filed a motion to substitute itself as the defendant for the reason that the U.S. Attorney certified that, at the time of the accident, Burmeister was delivering mail in the scope of his federal employment with the U.S. Postal Service. (Doc. 3). A copy of the Scope of Employment Certification was filed by the Assistant U.S. Attorney. (Doc. 2.) The United States also moved to dismiss for lack of subject matter jurisdiction due to VanZee's failure to comply with 28 U.S.C. § 2675(a), which requires a plaintiff to file an administrative claim with the U.S. Postal Service prior to filing a lawsuit. (Doc. 3.)

VanZee opposes the United State's motions and moves to remand the case to state court. (Doc. 6.) She does not contend that she exhausted her administrative remedies, nor does she dispute the fact that Burmeister was acting in the scope of his employment with the U.S. Postal Service at the time of the accident. Rather, VanZee asserts that the U.S. Attorney's removal was untimely under the general federal removal statute, 28 U.S.C. § 1446, which requires removal within thirty days after service upon the defendant. Service was made on Burmeister on June 24, 2020. (Doc. 8-3.) Notice of Removal was filed on February 11, 2021. (Doc. 1.) VanZee argues that the thirty-day time limit for removal began to run, at the latest, when Burmeister disclosed that he was working in the scope of his federal employment at the time of the accident in his sworn answers to interrogatories on September 9, 2020. She contends that, even if the thirty-day period for removal was triggered by Burmeister's answers to interrogatories, the Notice of Removal filed on February 11, 2021 still is untimely.

In addition, VanZee argues that Burmeister waived any protections afforded by the Federal Tort Claims Act by failing to assert the FTCA as an affirmative defense in his answer to the complaint. Finally, VanZee asserts that granting the United States's motions would be unjust.

On May 4, 2021, the Court issued an Order requesting additional briefing from the parties to address whether Burmeister waived his entitlement to coverage under the FTCA by failing to notify the government of VanZee's lawsuit against him in a more timely fashion. (Doc. 15.) In her

2

response to the Order, VanZee again argued that Burmeister's failure to raise the FTCA as an affirmative defense in his answer constitutes a waiver of any protection afforded under the Act. (Doc. 16.)

## DISCUSSION

"[S]overeign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). The Federal Tort Claims Act ("FTCA") is a limited waiver of the federal government's sovereign immunity from claims for injury, property loss, or death caused by any federal government employee "while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011). The FTCA provides that a suit against the United States is the exclusive remedy for damages for injury or loss of property "resulting from the negligent or wrongful conduct of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1).

### 1. Certification and Removal

When a federal employee is sued, the Attorney General has the authority to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1). Under the FTCA's implementing regulations, the United States Attorney for the district where the action is brought is authorized to make the certification provided for in 28 U.S.C. 2679(d). *See* 28 C.F.R. § 15.4. The FTCA further provides that

> [u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial . . . to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.

28 U.S.C. § 2679(d)(2). *See also Anthony v. Runyon*, 76 F.3d 210, 212–213 (8th Cir. 1996) (describing the process of certification when a federal employee is sued in state court).

3

In the present case, the United States Attorney filed a Scope of Employment Certification, Doc. 2, certifying that Burmeister was acting within the scope of his employment as a federal employee of the U.S. Postal Service at the time of the conduct giving rise to the state court lawsuit filed by VanZee. The Scope of Employment Certification and a Notice of Removal were filed on February 11, 2021. (Docs. 1 and 2.)

VanZee argues that the removal of this action from state court was untimely under the general removal statute at 28 U.S.C. § 1446(b) and, therefore, this action should be remanded to state court. While the general removal statute, 28 U.S.C. § 1446(b)(1), contains a 30-day time limit for removal after service on the defendant, that time limit does not apply to removal of an FTCA case against the United States under the specialized removal provision of 28 U.S.C. § 2679(d)(2).[1] *See McLaurin v. United States*, 392 F.3d 774, 778 (5th Cir. 2004) (Section 2679 is unambiguous; Congress explicitly allows removal under 28 U.S.C. § 2679 at any time before trial and has placed no other time limitation or requirement on removal in a suit under this section) (citations omitted); *Woodbeck v. United States*, 2008 WL 312104, *1 n.2 (D. Ariz. Jan. 31, 2008) (removal under § 2679(d)(2) was timely even with eight month gap between the filing of the state court action and removal because the unambiguous language of § 2679(d)(2) requires only that the government remove the action "before trial"); *Goosby v. United States*, 545 F.Supp.2d 725, 731 (W.D. Tenn. 2008) (holding that § 1446 does not apply to case removed under 28 U.S.C. § 2679); *Warren v. Joyner*, 996 F.Supp. 581, 583 (S.D.Miss. 1997) (removal of case was timely even though it had been pending in state court for seventeen months). Here, the case was properly removed prior to trial in accordance with 28 U.S.C. § 2679(d)(2). Because the United States's certification and removal were timely under the FTCA, VanZee's motion to remand is denied.

## 2. Substitution of the United States as the Party Defendant

Once the Attorney General or the Attorney General's designee has certified "that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action [against the employee] . . . shall be deemed an action . . . against the United States . . . and the United States shall be substituted as the party

---

[1] Section 2679(d)(2) provides that the United States may remove the case from state court "at any time before trial." 28 U.S.C. § 2679(d)(2).

defendant." 28 U.S.C. § 2679(d)(2). Upon a motion for substitution, the statutory certification "although subject to judicial review, is prima facie evidence that the employee's challenged conduct was within the scope of employ." *Brown v. Armstrong*, 949 F.2d 1007, 1012 (8th Cir. 1991). A plaintiff opposing the certification bears the burden of "com[ing] forward with specific facts rebutting the government's scope-of-employment certification." *Brown*, 949 F.2d at 1012; *see also Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993) ("The Attorney General's decision regarding scope of employment certification is conclusive unless challenged. Accordingly, the party seeking review bears the burden of presenting evidence and disproving the Attorney General's decision to grant or deny scope of employment certification by a preponderance of the evidence.") (footnote and citation omitted)).

Here, VanZee agrees that Burmeister was acting pursuant to his federal employment with the U.S. Postal Service at the time of the accident. (Doc. 12, p. 1.) The Court concludes that Burmeister's actions alleged in the complaint fell within the scope of his employment, as certified by the United States. Thus, the United States's motion to be substituted as the party defendant is granted.

### 3. Dismissal for Lack of Jurisdiction

Though Congress waived the sovereign immunity of the United States by enacting the FTCA, the United States remains immune if an exception to the FTCA applies. *Hart v. United States*, 630 F.3d 1085, 1088 (8th Cir. 2011). Where the United States has not waived immunity under the FTCA because an exception applies, the district court lacks subject matter jurisdiction to hear the case. *Id.* A court has a special obligation to consider whether it has subject matter jurisdiction in every case. *Id.* at 1089.

Upon certification, removal and substitution, the FTCA provides that an action "shall proceed in the same manner as any action against the United States filed pursuant to Section 1346(b) of this title and shall be subject to the limitations and exceptions applicable to those [FTCA] actions." 28 U.S.C. § 2679(d)(4). One of the applicable "limitations and exceptions" is that

> [a]n action shall not be instituted upon a claim against the United States for money damages for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the

5

appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). "The Supreme Court has recognized that '[t]he most natural reading of [§ 2675(a)] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process.'" *Mader*, 654 F.3d at 797 (quoting *McNeil v. United States*, 508 U.S. 106, 112 (1993)). The Eighth Circuit has held that the exhaustion requirement in 28 U.S.C. § 2675(a) is a jurisdictional prerequisite to filing an FTCA action in federal court. The Court recently explained this holding:

> The text of the FTCA unambiguously commands that a plaintiff must administratively exhaust her remedies before filing suit in federal court. *See McNeil v. United States*, 508 U.S. 106, 111, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ."). This presentment requirement, along with agencies' broad settlement authority, *see Mader*, 654 F.3d at 797, encourages the prompt consideration and settlement of meritorious FTCA claims without "expensive and time-consuming litigation." *McNeil*, 508 U.S. at 112 n.7, 113 S.Ct. 1980 (quoting S. Rep. No. 89-1327, at 3 (1966)). Furthermore, we have recognized that presentment "is a jurisdictional prerequisite to filing an FTCA action in federal court." *Rollo-Carlson*, 971 F.3d at 770; *see also Mader*, 654 F.3d at 802, 808 (affirming dismissal for lack of subject-matter jurisdiction where plaintiff failed to administratively exhaust her FTCA claim).

*King v. United States*, No. 20-2697, 2021 WL 2672302, at *2 (8th Cir. June 30, 2021). *See also Mader*, 654 F.3d at 805 ("We have long held that compliance with § 2675(a)'s presentment requirement is a jurisdictional precondition to filing an FTCA suit in federal district court.") (citing *Allen v. United States*, 590 F.3d 541, 544 (8th Cir. 2009), and *Lunsford v. United States*, 570 F.2d 224 (8th Cir. 1977)); *McNeil*, 508 U.S. at 111–112 (1993) (holding that the district court properly dismissed action for lack of jurisdiction where the plaintiff had not exhausted administrative remedies under § 2675(a) prior to filing suit; stating, "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993) ("Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant."). Thus, the issue is not when Burmeister

6

gave notice of the accident to federal authorities. Rather, the issue is whether VanZee presented an administrative claim to the federal agency prior to filing suit.[2]

VanZee does not contend that she ever presented her claim to the U.S. Postal Service. The Declaration of Kimberly A. Herbst submitted by the United States indicates that no record could be found showing that VanZee presented her claim to the Postal Service. (Doc. 5.) Thus, the Court concludes that it lacks subject matter jurisdiction due to VanZee's failure to exhaust administrative remedies, and the case must be dismissed.

Section 2401(b) of the FTCA requires that a tort claim against the United States be presented to the appropriate federal agency "within two years after such claim accrues" and then brought to federal court "within six months after . . . final denial of the claim by the agency." 28 U.S.C. § 2401(b); *see also United States v. Kwai Fun Wong*, 135 S.Ct. 1625, 1629 (2015). A claimant is required to meet both of those deadlines. *Kwai Fun Wong*, 135 S.Ct. at 1629.

Because the statute of limitations for presenting an administrative claim in this case expired two years after the accident, that is, December 21, 2019, VanZee is barred from bringing such a claim now. *See Motley v. United States*, 295 F.3d 820, 822–23 (8th Cir. 2002). According to the Eighth Circuit,

> the statute of limitations under the FTCA "does not wait until a plaintiff is aware that an alleged tort-feasor is a federal employee." *Gould v. United States Dep't of Health & Human Servs.*, 905 F.2d 738, 745 (4th Cir.1990). Where the government or its agents have not misled or deceived a plaintiff, or otherwise hidden the legal identity of alleged tortfeasors as federal employees, the cause of action still accrues when the

---

[2] Regulations promulgated by the Department of Justice describe how to present an administrative FTCA claim:

> [A] claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, [1] an executed Standard Form 95 or other written notification of an incident, [2] accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and [3] the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

*King*, 2021 WL 267302, at *3 (citing 28 C.F.R. § 14.2(a)).

existence of an injury and its cause are known. *Id.*; *cf. United States v. Kubrick*, 444 U.S. 111, 123–24, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979) (finding that where a plaintiff is aware of both the injury and its cause, he must inquire as to the legal significance of the acts).

*Garza v. United States Bureau of Prisons*, 284 F.3d 930, 935 (8th Cir. 2002). "To toll the statute because of a plaintiff's ignorance of the defendant's federal employee status, plaintiff must at the very least show that the information could not have been found by a timely diligent inquiry." *Motley*, 295 F.3d at 824 (internal quotation and citation omitted). VanZee does not argue that equitable tolling applies to the two-year statute of limitations for filing an administrative claim.[3] *Id.* (party claiming benefit of exception to statute of limitation bears burden of showing entitlement to it).

### 4. Waiver Argument

VanZee argues that Burmeister waived any protections afforded by the Federal Tort Claims Act by failing to assert the FTCA as an affirmative defense in his answer to the complaint. VanZee cites law requiring affirmative defenses be pled in the answer to the complaint, but she does not cite any authority for the proposition that removal and substitution of the United States as the defendant are improper if a federal employee fails to assert the FTCA as a defense in the answer to the complaint. The law regarding the FTCA defeats VanZee's waiver argument.

The FTCA provides individual federal government officers and employees acting within the scope of their employment with absolute immunity against common law tort claims. *See Osborn v. Haley*, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1)); *see also United States v. Smith*, 499 U.S. 160, 163 (1991). Under the FTCA, "an action against the United States is the only remedy for injuries caused by federal employees acting within the scope of their employment." *Anthony v. Runyon*, 76 F.3d at 212–13. The purpose of the FTCA is "to shield covered employees not only from liability but from suit" and to place the "cost and effort of defending the lawsuit . . . on the Government's shoulders." *Osborn*, 549 U.S. at 248, 252. VanZee cannot recover from Burmeister

---

[3] To the extent VanZee is arguing she was misled by Burmeister's interrogatory answer stating coverage may be available under his personal automobile policy with State Farm, that argument fails. In his answer to another interrogatory in the same document, Burmeister said that he was on duty and working in the course of his employment with the U.S. Postal Service at the time of the accident. (Doc. 8-5, pp. 4, 7.)

in connection with the accident on December 21, 2017 because the FTCA provides him with absolute immunity. *See, e.g., Does 1-10 v. Haaland*, 973 F.3d 591, 597 (6th Cir. 2020) (holding that the immunity from suit provided by Federal Employees Liability Reform and Tort Compensation Act (i.e., the Westfall Act), fully immunizes individual federal employees from suit, "even where the FTCA bars a suit against the United States as well") (citing *United States v. Smith*, 499 U.S. 160, 166 (1991)).

Furthermore, as set forth above, this case was properly removed pursuant to 28 U.S.C. § 2679(d)(2), and the United States must be substituted as the party defendant.[4] With the United States as the defendant, the issue is one of sovereign immunity. Sovereign immunity belongs to the United States and Burmeister cannot waive it. Regardless of Burmeister's answer to the complaint filed in state court, the case must proceed in this Court with the United States as the defendant, and the case must be dismissed for failure to exhaust administrative remedies. Thus, the Court concludes that VanZee's argument that Burmeister waived his immunity defense when he failed to assert the FTCA as an affirmative defense is without merit.

## 5. Equitable Argument

VanZee asserts that it would be unjust to grant the United States's motions and dismiss her case. The Supreme Court has made it clear under the FTCA that federal employees are immune from liability even if substitution of the United States as defendant leaves the plaintiff without a remedy. *Smith*, 499 U.S. at 166 ("Congress recognized that the required substitution of the United States as the defendant in tort suits filed against Government employees would sometimes foreclose a tort plaintiff's recovery altogether."); *see also Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995) ("If . . . an exception to the FTCA shields the United States from suit, the plaintiff may be left without a tort action against any party."). The Eighth Circuit has noted that "[s]ubstitution of the United States as defendant will frequently end the plaintiff's case, either because FTCA administrative remedies have not been exhausted, or because, under § 2680, some or all of plaintiff's

---

[4] Where the United States has certified scope of employment and has been substituted as a defendant, removal is required. *See* 28 U.S.C. § 2679(d)(2); *Loza v. Native American Air Ambulance*, 2009 WL 2870083 at *2 (D.Ariz., September 3, 2009) (Section 2679(d)(2) requires removal, even where the federal court lacks subject matter jurisdiction over the action because of the plaintiff's failure to meet a jurisdictional prerequisite to suit).

9

claims are simply not actionable against the United States." *Brown*, 949 F.2d at 1011. "[B]ecause the FTCA is an exclusive remedy for torts committed by federal employees acting within the scope of their employment, if recovery is not available against the United States . . . , it is not available at all." *Id.* at 1013.

For the reasons discussed above, the Court must grant the United States's motion to dismiss for lack of subject matter jurisdiction. *See, e.g, Dudley v. Bureau of Prisons*, 2009 WL 1390792, at *1 (D.S.D. May 18, 2009) (dismissing FTCA claim for failure to exhaust administrative remedies). Accordingly,

**IT IS ORDERED**:

1. That Plaintiff Rachel VanZee's motion to remand, Doc. 6, is denied.

2. That the United States's motion to substitute itself as the defendant and dismiss the action, Doc. 3, is granted.

3. That this action is dismissed without prejudice for lack of subject matter jurisdiction.

Dated this 14th day of July, 2021.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK